■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LICATA, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered October 30, 1989, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the third degree and sentenc-

ing him to a term of five years' probation, unanimously affirmed.

Defendant's motion to suppress was properly denied. The evidence at the hearing shows that at 2:45 A.M. on August 7, 1988, two veteran detectives of the Safe, Loft and Truck Squad were seated in a car parked on 35th Street opposite the freight entrance to 1410 Broadway. At that time, they saw defendant lurking in the shadows as traffic passed, and walking to a parked car. After defendant opened the trunk and hood of the parked car, he pulled up the steel gate of the freight entrance. The detectives saw that an interior doorway was propped open by a laundry cart containing bags. Another person, later identified as codefendant Martinez, was standing next to the cart. When defendant and Martinez moved a bag next to the parked car, the detectives approached, one with his gun drawn. After defendant said he was making a pickup for a friend, he was placed against a wall and frisked.

A person of reasonable caution observing the same activity observed by the detectives would have been fully warranted in believing that he was watching a crime being committed. (Cf., People v Smith, 44 NY2d 613.) The detectives' initial inquiries to defendant were proper "threshold" questions that did not require the Miranda warnings. (People v Huffman, 41 NY2d 29.) Moreover, the ensuing gunpoint frisk of defendant was warranted under the circumstances. (People v Chestnut, 51 NY2d 14, cert denied 449 US 1018.) We decline to disturb the hearing court's finding that defendant was not frisked until after he had inadequately explained what he was doing. (People v Prochilo, 41 NY2d 759.)

Since the detectives had probable cause to arrest defendant before they told him to stand against the wall, defendant is not entitled to relief because he was not allowed to introduce the tape recording of the detectives' radio transmission. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.